IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESIA ADAIR,<br>ANITA DONATO,<br>VERONICA GARCIA,<br>JORDAN GARCIA,<br>ARECELI VEGA,<br>individually and on behalf of<br>all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>TOWN OF CICERO,<br>a municipal corporation,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiffs Lesia Adair, Anita Donato, Veronica Garcia, Jordan Garcia, and Areceli Vega (collectively "Plaintiffs" or "the Plaintiffs") complain against Defendant Town of Cicero as follows:

## Jurisdiction and Venue

1. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

3. Plaintiff Lesia Adair is a resident of Chicago, Cook County, Illinois.

4. Plaintiff Anita Donato is a resident of Chicago, Cook County, Illinois.

5. Plaintiff Jordan Garcia is a resident of Chicago, Cook County, Illinois.

6. Plaintiff Veronica Garcia is a resident of Chicago, Cook County, Illinois.

7. Plaintiff Areceli Vega is a resident of Dearborn Heights, Wayne County, Michigan.

8. Defendant Town of Cicero is a municipal corporation located in Cook County, Illinois, and has general administrative authority over the operations of the Cicero Police Department, including its pre-trial detention holding facility.

## Nature of the Case

9. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. § 1983. Plaintiffs, individually and on behalf of

the class they seek to represent, allege violations of their rights under the Fourth Amendment of the United States Constitution.

10. This proposed class-action lawsuit is based on the Town of Cicero's police lock-up-facility configuration that requires female detainees such as the Plaintiffs to expose their genitals to male Town of Cicero lock-up employees and/or male detainees each and every time they use the bathroom.

11. Defendant Town of Cicero is a municipal corporation and is being sued based on a *Monell* theory of liability based on the policies, practices and procedures referenced in this Complaint.

12. On October 31, 2017, Plaintiffs Veronica Garcia and Jordan Garcia, married females, were arrested by one or more Town of Cicero police officers and taken to the Cicero Police Department lock-up facilities.

13. Plaintiff Veronica Garcia was continuously held at the Town of Cicero lock up facilities from October 31, 2017 to, upon information and belief, November 1, 2017, when she was released without charges being filed against her.

14. Plaintiff Jordan Garcia was continuously held at the Town of Cicero lock up facility from October 31, 2017 to November 2, 2017, when she was transferred to the custody of the Cook County Sheriff, for purposes of transporting her to bond court.

15. On December 1, 2017, Plaintiff Lesia Adair was arrested by one or more police officers with the Town of Cicero, and taken to the Town of Cicero Police Department lock-up facility, and held there until on or about December 3, 2017, when she was transferred to the custody of the Cook County Sheriff to be transported to bond court.

16. On December 1, 2017, Plaintiff Areceli Vega was arrested by one or more police officers with the Town of Cicero, and taken to the Town of Cicero Police Department lock-up facility, and held there until on or about December 3, 2017, when she was transferred to the custody of the Cook County Sheriff to be transported to bond court.

17. On December 2, 2017, Plaintiff Anita Donato was arrested by one or more police officers with the Town of Cicero, and taken to the Town of Cicero Police Department lock-up facility, and held there until on or about December 3, 2017, when she was transferred to the custody of the Cook County Sheriff to be transported to bond court.

18. During the time periods when the Plaintiffs were in the custody of the Cicero Police Department, the Plaintiffs had no choice but to use the bathroom facilities in one or more female lock up cells, described below, all of which had the same configuration and resulted in the exposure of their genitals to male arrestees and/or male Town of Cicero lock up employees.

19. During their time in custody, the Plaintiffs were segregated from male arrestees. However, the only available bathroom for use was a bathroom inside the cell.

20. The bathroom was situated in such a way that male arrestees and male Town of Cicero lock up employees walking by could see into the cells while the Plaintiffs were using the bathroom facilities inside their cell, thus allowing the Cicero male lock-up employees and/or the male arrestees to see the exposed genitals of the Plaintiffs.

21. Moreover, upon information and belief, there is a permanent, fixed 24-hour, 7-day-a-week video camera, viewed and monitored by male Town of Cicero lock-up employees, that allowed the Town of Cicero male lock up keepers to view the Plaintiffs while they used the bathroom, with their genitals exposed to the male lock-up employees.

22. Thus, in order to use the bathroom during the time periods when the Plaintiffs were in custody, they were forced to expose their genitals to male Cicero lock-up employees and/o male arrestees.

23. There is no penological or other legal justification for the above practice.

24. Each Plaintiff suffered harm from the actions of the Defendant, including but not limited to, stress, humiliation and other emotional damages from the exposure and/or potential exposure of their genitals to male Town of Cicero employees and/or male arrestees, as

5

well as the emotional and physical pain and discomfort they experienced from attempting to not use the bathroom facilities for as long as they could, due to their desire not to have to expose their genitals in the process.

25. Defendant Town of Cicero is the party responsible for ensuring the health, welfare, privacy and safety of the Plaintiffs while they were in the custody of the Cicero Police Department.

26. Nevertheless, the Town of Cicero set forth policies and procedures whereby male Cicero lock-up employees and male arrestees could – and did – view the Plaintiffs exposed genitals while they were using the bathroom inside their holding cells.

27. Count I is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant Town of Cicero has acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole on Count I of this Complaint. Plaintiffs seek to represent a class of similarly situated female Cicero Police Department lock-up facility detainees who were or will be detained at the Cicero Police Department lock-up facility, and damages and declaratory relief against Defendant Town of Cicero on behalf of the class.

## Class Allegations

28. Pursuant to Fed. R. Civ. P. 23(b)(2), the named Plaintiffs seek certification of Count I of this complaint as a class action. The named Plaintiffs seek to represent a class consisting of:

> All females who were or will be in the future detained at the Town of Cicero Police Department lock-up facility who used the bathroom facilities during their time in detention.

29. The Plaintiff Class seeks a declaration that Defendant Town of Cicero's policy and practice of forcing female lock-up detainees to expose their genitals to male Town of Cicero lock-up employees and male arrestees is unconstitutional because it results in routine violations of class members' Fourth Amendment right to be free from unreasonable searches and seizures, including their right to privacy.

30. The Plaintiff Class also seeks an order declaring that Defendant Town of Cicero's policy and practice of forcing female Town of Cicero Police Department lock-up detainees to expose their genitals to male Town of Cicero employees and/o male arrestees is unconstitutional, in violation of the female detainees' Fourth Amendment rights.

31. The proposed class is numerous. It is estimated that there are one to five females held at the Town of Cicero Police Department lock-up facility on a daily basis, and the Plaintiffs seek to represent a two-year class of past female detainees, as

well as future detainees until remedial action is taken. This class would represent hundreds or thousands of individuals.

32. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is also constantly changing, since every day there are more potential class members exposed to the Town's unconstitutional lock-up facility configuration, whereby forced exposure of the female genitalia to males is a requirement to use the bathroom.

33. There are questions of law and fact common to all class members. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and/or money damages judgment would provide relief to each member of the class.

34. Defendant Town of Cicero has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

35. Plaintiffs and the class they seek to represent have been directly injured by Defendant Town of Cicero's policies and practices and members of the class are currently at risk of

future harm from the continuation of these policies and practices.

36. Plaintiffs will fairly and adequately represent the interests of the class and the Plaintiffs' claims are typical of the claims of all members of the proposed class.

37. Plaintiffs' counsel are experienced in civil rights litigation, including *Monell* claims, civil rights class actions, actions involving multiple Plaintiffs in one action, and Fourth Amendment cases alleging illegal searches and seizures. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

## COUNT I
### 42 U.S.C. §1983: FOURTH AMENDMENT
(*Monell* Official Capacity Claim Against Defendant Town of Cicero on behalf of Plaintiffs and all others similarly situated)

38. Plaintiffs and the members of the class reallege and incorporate as if fully set forth herein all of the allegations above.

39. As a direct and proximate result of Defendant Town of Cicero's failure to ensure the Plaintiffs are allowed to use bathroom facilities while in the custody of the Town of Cicero Police Department lock-up facility without exposing their genitals to male Town of Cicero employees and male arrestees, the

        Plaintiffs and the members of the class have suffered a loss of their Fourth Amendment right to be free from unreasonable searches and seizures, including their right to privacy.

40.     In the absence of a class action allowing for money damages and declaratory relief, the members of the class will have no adequate or complete remedy at law to address the wrongs described herein. The declaratory relief sought by the class is necessary to prevent continued and future injury.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a)     Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b)     Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c)     Enter judgment declaring that Defendant Town of Cicero's policies and practices described herein as applied to the class violate the Fourth Amendment of the U.S. Constitution;

d)     Award Plaintiffs compensatory damages for the harm they suffered;

e)     Award Plaintiffs their reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

f)     Grant such other relief as this Court deems just and proper.

**Plaintiffs demand trial by jury.**

Dated: May 18, 2018

                                                Respectfully submitted,

                                                /s/ Richard Dvorak

                                                /s/ Adele D. Nicholas

                                                /s/ Mark G. Weinberg

                                                *Counsel for Plaintiffs*

DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

Law Office of Mark G. Weinberg
3612 N. Tripp Ave.
Chicago, Illinois 60641
773-283-3913