IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESIA ADAIR, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 18 C 3526 |
| TOWN OF CICERO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Lesia Adair, Anita Donato, Jordan Garcia, Veronica Garcia, and Areceli Vega are women who were detained at a police lock-up facility administered by the Town of Cicero. They sued Cicero, alleging that the configuration of the lock-up facility required them to use the bathroom (and thereby expose their genitals) in full view of male lock-up employees and male detainees. The plaintiffs allege that Cicero is liable under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), because the facility's configuration constituted an official policy that caused male lock-up employees to engage in unreasonable searches in violation of the Fourth Amendment to the U.S. Constitution. Cicero has moved to dismiss the complaint for failure to state a claim.

### Background

The plaintiffs' complaint alleges the following facts, which the Court accepts as true in considering the motion to dismiss. *See West Bend Mut. Ins. Co. v. Schumacher*,

844 F.3d 670, 675 (7th Cir. 2016). The plaintiffs are five women who were detained at the Cicero Police Department's lock-up facility, which is administered by the Town of Cicero. While detained, the plaintiffs had no choice but to use the bathroom facilities in the female lock-up cells. Those bathrooms are situated in such a way that male employees walking by the cells can see the genitals of the detainees using the bathroom. In addition, male employees monitor a video camera that captures female detainees using the bathroom and provides a view of their genitals. The plaintiffs sued Cicero, alleging under *Monell* that this configuration constitutes a policy that caused the lock-employees to engage in unreasonable searches in violation of the Fourth Amendment. Cicero has moved to dismiss the complaint for failure to state a claim.

## Discussion

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sloan v. Am. Brain Tumor Assoc.*, 901 F.3d 891, 894 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Its "basic purpose . . . is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (internal quotation marks omitted).

### A. Fourth Amendment rights of arrestees

Cicero argues that the complaint fails to state a claim under the Fourth

Amendment because detainees have diminished privacy interests after their arrest. Cicero relies primarily on *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), in which the Seventh Circuit upheld the dismissal of a suit by a pretrial detainee alleging that the policy of the Cook County Jail to have female guards monitor male detainees in the shower violated his constitutional rights. The court, interpreting the Supreme Court's decisions in *Bell v. Wolfish*, 441 U.S. 520 (1979), and *Hudson v. Palmer*, 468 U.S. 517 (1984), held that "privacy is the thing most surely extinguished by a judgment committing someone to prison," and "monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory." *Johnson*, 69 F.3d at 146. Cicero argues that the plaintiffs have not stated a claim for violations of their constitutional rights because, as detainees, they were not entitled to Fourth Amendment privacy protections.

But *Johnson*'s Fourth Amendment holding applies only to prisoners and pretrial detainees—not arrestees awaiting a probable-cause hearing. In contrast, the Seventh Circuit has repeatedly held that arrestees who have not yet undergone a probable-cause hearing under *Gerstein v. Pugh*, 420 U.S. 103 (1975), are entitled to Fourth Amendment protections. See *Banaei v. Messing*, 547 F. App'x 774, 777 (7th Cir. 2013) (noting that "Fourth Amendment standards apply" to the plaintiff's claim that she was strip-searched while in police custody); *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) ("[T]he fourth amendment governs the period of confinement between arrest without a warrant and the [probable cause determination]." (alteration in original)); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) ("Because [the plaintiff] had not yet benefitted from a judicial determination of probable cause, otherwise known as a

3

*Gerstein* hearing, we agree that the Fourth Amendment applies."); *Lopez v. City of Chicago*, 464 F.3d 711, 719-20 (7th Cir. 2006) ("*Bell* concerned . . . pretrial detainees for whom a judicial determination of probable cause has already been made. That the Fourth Amendment does not apply to postarraignment detention does not make its protections inapplicable to the period between [the plaintiff's] arrest and his probable cause hearing.").

These cases establish that *Johnson*'s categorical prohibition on Fourth Amendment claims encompasses only convicted prisoners and pretrial detainees; arrestees awaiting a probable-cause hearing, by contrast, are still protected by the Fourth Amendment. Because the plaintiffs allege that they had not yet undergone *Gerstein* hearings while they were held at Cicero's lock-up facility, *Johnson* does not bar the plaintiffs from alleging an invasion of privacy under the Fourth Amendment.

**B.    Plaintiffs' factual allegations**

Cicero acknowledges that that *Johnson* and related cases concern only convicted prisoners and pretrial detainees, but it argues that even if the Fourth Amendment applies to the plaintiffs, the complaint lacks adequate factual allegations to survive a motion to dismiss. The complaint can withstand a motion to dismiss so long as its factual allegations state a "plausible" claim that the configuration of the lock-up constituted a policy of engaging in unconstitutional searches. *See Iqbal*, 556 U.S. at 678.

    **1.    Searches**

Cicero argues that the facts alleged in the complaint are insufficient to state a claim that the lock-up employees engaged in searches within the meaning of the Fourth

Amendment. First, it argues that any observation of the detainees using the bathroom was "casual, inadvertent or intermittent," and that therefore the alleged observation "does not rise to the level of a constitutional violation." Def.'s Mot. for Summ. J., dkt. no. 20, at 4. This contention is a factual assertion beyond the face of the complaint, however, and it cannot support a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d); *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). And because the plaintiffs' allegations permit a reasonable inference that at least some of the observations were purposeful, the Court must draw that inference in the plaintiffs' favor. *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

But even if believed, Cicero's allegation that the observations were inadvertent is not dispositive: *Johnson* itself held that "[o]bservation is a form of search," and the Seventh Circuit reaffirmed this principle in *King v. McCarty*, 781 F.3d 889, 901 (7th Cir. 2015) ("It is well established that observation of a nude detainee is a search for purposes of the Fourth Amendment."). The complaint alleges that male employees observed the plaintiffs' genitals in the course of monitoring them, which is sufficient to state a claim that the plaintiffs were searched within the meaning of the Fourth Amendment.

Second, Cicero argues that the complaint is too sparse with factual details to withstand a Rule 12(b)(6) motion. It asserts that, among other deficiencies, the complaint alleges no facts regarding "how exactly the arrestees can be viewed using the bathroom." Def.'s Reply in Supp. Mot. for Summ. J., dkt. no. 33, at 6. The law does not impose a highly exacting standard on the plaintiffs at this stage, however: "[t]he plausibility standard is not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678.

5

The plaintiffs' burden on a motion to dismiss is limited to alleging "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

The plaintiffs have met their burden by alleging specific factual details about the configuration of the facility. They allege in their complaint that that the bathroom "was situated in such a way that male arrestees and male Town of Cicero lock up employees walking by could see into the cells while the Plaintiffs were using the bathroom facilities inside their cell, thus allowing the Cicero male lock-up employees and/or the male arrestees to see the exposed genitals of the Plaintiffs." Compl., dkt. no 1, ¶ 20. They further allege that the video camera was "viewed and monitored by male Town of Cicero lock-up employees, that allowed Town of Cicero male lock up keepers to view the Plaintiffs while they used the bathroom, with their genitals exposed to male lock-up employees." *Id.* ¶ 21. In their response brief, the plaintiffs supplement these allegations by providing a specific description of the arrangement of the toilet and surrounding walls that clarifies from what angles and to what extent an onlooker could have viewed the plaintiffs. Pls.' Resp. to Mot. for Summ. J., dkt. no. 29, at 10. The Court may properly consider these additional allegations because they are consistent with the allegations in the complaint. *See Bible v. United Student Aid Funds, Inc.*, 899 F.3d 633, 640 n.1 (7th Cir. 2015). In describing the arrangement of the bathrooms within the cell, the plaintiffs have amply met their burden to present a story that holds together.

2. **Reasonableness**

Cicero also argues that the plaintiffs have not plausibly alleged that the observation of their genitals was unreasonable, as required to state a claim under the

Fourth Amendment.

Determining whether a search is reasonable is a highly fact-intensive and context-dependent inquiry. "[R]easonableness is generally assessed by carefully weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion." *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546 (2017) (internal quotation marks omitted). The plaintiffs have alleged that they reasonably expected privacy while using the bathroom and that it was unreasonable for male employees of the facility to look at their genitals in the process. The Court cannot rule on those allegations without weighing facts, including the injury to the plaintiffs and Cicero's penological interest in the configuration of the facility, which are not before the Court. That inquiry would be improper at this stage of the litigation. *See, e.g., Taylor v. City of Chicago*, No. 09 C 7911, 2010 WL 4877797, at *3 (N.D. Ill. Nov. 23, 2010) (holding that the reasonableness of a seizure was "a fact-bound inquiry inappropriate for a motion to dismiss").

Cicero also cites *Johnson* for the broader proposition that courts may not intervene in the management of jails and prisons by second-guessing the reasonableness of their policies. As the Seventh Circuit put it, "if courts assess and compare these costs and benefits then judges rather than wardens are the real prison administrators." *Johnson*, 69 F.3d at 144. The Supreme Court has similarly held that courts owe prison administrators significant deference. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 322-23 (2012) ("[C]ourts must defer to the judgment of correctional officials unless the record contains substantial evidence

showing their policies are an unnecessary or unjustified response to the problems of jail security.").

*Johnson* and *Florence* do not require dismissal of the complaint in this case, however. First, as discussed above, the plaintiffs are arrestees who have not yet undergone a probable-cause hearing and who are therefore entitled to broader Fourth Amendment protections than the plaintiffs in *Johnson* and *Florence*. In addition, those cases centrally relied on the judicial prerogative to combat "endemic" violence within jails and prisons. *Johnson*, 69 F.3d at 146. Unlike in *Florence*, there is no factual record in this case against which to evaluate Cicero's alleged penological interests; the Court cannot adjudicate the merits of Cicero's arguments on the face of the complaint alone. Although it is true that the federal judiciary is not in the business of administering municipal detention facilities, the plaintiffs have alleged facts that make it plausible that Cicero is not entitled to the deference it seeks, and dismissal is therefore improper.

## Conclusion

For the foregoing reasons, the Court denies the motion to dismiss [dkt. no. 20]. The case remains set for a status hearing on October 23, 2018 for the purpose of setting a discovery schedule.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 19, 2018