IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESIA ADAIR, ANITA DONATO, JORDAN GARCIA, VERONICA GARCIA, and ARECELI VEGA, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWN OF CICERO, <br><br> Defendant. | Case No. 18 C 3526 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs are five women who were detained at a lock-up facility operated by the police department of the Town of Cicero. They have sued Cicero, alleging that the configuration of the lock-up facility required them to use the bathroom (and thereby expose their genitals) in full view of male lock-up employees and male detainees. The plaintiffs contend that Cicero is liable under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), because the facility's configuration constitutes an official policy that causes male lock-up employees to engage in unreasonable searches in violation of the Fourth Amendment to the U.S. Constitution.

The plaintiffs have moved to certify a class of similarly situated individuals. The proposed class would comprise "all female detainees who were or will be in the future detained at the Town of Cicero Police Department lock-up facility for eight hours or

more during the time period of May 18, 2016, to the present." Mot. for Class Cert., dkt. no. 57, at 1. They seek class certification under Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

Cicero's sole argument against class certification is that the plaintiffs have not introduced evidence to substantiate their claims under the Fourth Amendment. Specifically, Cicero argues that the configuration of the lockup facility did not allow guards or other inmates to view female inmates while they used the bathroom. Cicero has submitted photographs that it contends show that a thirty-six-inch-long brick wall blocks any direct view of a person using the toilet. It also points to a video recording which, it contends, demonstrates that the surveillance camera did not offer a view of the plaintiffs' genitalia. Finally, it has submitted numerous declarations from police officers who worked in the facility who state that they never intentionally or unintentionally viewed female inmates' genitals.

Cicero's argument does not constitute a basis on which to deny class certification. It is true that in some cases a court may have to delve into the merits of a plaintiff's claims to resolve a class certification motion. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (noting that the class certification analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim"). But the Supreme Court has explained that when "the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (2016). And the Seventh Circuit has noted

that "certification is largely independent of the merits . . . and a certified class can go down in flames on the merits." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1031 (7th Cir. 2018) (alteration in original); *see also Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) ("[T]he court should not turn the class certification proceedings into a dress rehearsal for trial on the merits.").

Cicero's arguments about the viability of the class's claims do not warrant denial of class certification because its arguments concern the merits of the claims of the class as a whole. Indeed, Cicero contends that the evidence regarding the layout of the facility and the scope of the surveillance footage categorically defeats the entire class's claims. Cicero's arguments are thus appropriately considered at the summary judgment stage, not during class certification proceedings.

The Court must consider one additional issue with the plaintiffs' motion that Cicero has not raised. The plaintiffs seek both injunctive and monetary relief, and they have moved to certify the class under Rule 23(b)(2) and (b)(3). But because the plaintiffs seek both an injunction and damages, certification under Rule 23(b)(2) alone is proper only if the damages are "incidental" to the requested injunctive relief, meaning that damages "do not depend in any significant way on the intangible, subjective differences of each class member's circumstances." *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000) (internal quotation marks omitted). In this case, however, subjective differences among the class members, including the length of their detention and the degree of invasiveness of the alleged searches, may give rise to different damages across the class. The Court therefore concludes that the appropriate course is to construe the certification motion

under only Rule 23(b)(3), which allows the plaintiffs to pursue both equitable and monetary relief while avoiding the potential due-process problems with certification under Rule 23(b)(2) (under which class members typically may not opt out). *See id.* (holding that certification under Rule 23(b)(3) is appropriate if the putative class seeks both an injunction and money damages).

The Court concludes that the proposed class satisfies Rule 23's requirements for class certification. There are four requirements under Rule 23(a) for all proposed classes: numerosity, commonality, typicality, and adequacy. *Priddy v. Health Care Servs. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017). First, based on a random analysis of six months of detention records, the plaintiffs estimate that the class comprises between 500 and 600 detainees, making it sufficiently numerous under Rule 23(a)(1). *See Fauley v. Heska Corp.*, 326 F.R.D. 496, 504–05 (N.D. Ill. 2018) ("[A] class of forty is generally enough to certify a class."). Second, the class shares common questions, including factual questions about the facility's layout and legal questions about whether the alleged monitoring constitutes an unreasonable search. Third, the named plaintiffs are typical of the class because they were each detained for at least eight hours and had to use the facility's toilets. Their claims thus "have the same essential characteristics as the claims of the class at large." *Lacy v. Cook County*, 897 F.3d 847, 866 (7th Cir. 2018). And fourth, the named plaintiffs are adequate class representatives for largely the same reason: they are "part of the class and possess the same interest and [have] suffer[ed] the same injury as the class members." *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017).

The proposed class also meets the predominance and superiority requirements of Rule 23(b)(3). Common issues of law and fact predominate because "the proposed class's claims arise from a common nucleus of operative facts and issues." *Beaton*, 907 F.3d at 1029. The only issue for which different class members may require separate proof is the calculation of damages, but the Seventh Circuit has held that "the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of certification." *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 671 (7th Cir. 2015). And a class action is the superior method for adjudicating this dispute given the size of the proposed class and the cohesiveness of the class members' claims. *See Messner*, 669 F.3d at 814 n.5 ("There are so many common issues of law and fact relating to the issue of [the defendant's] liability, however, that the superiority requirement likely poses no serious obstacle to class certification here.").

Finally, the Court finds that the plaintiffs' attorneys will fairly and adequately represent the interests of the class because they have investigated and identified the claims in this case, possess sufficient experience and knowledge, and have adequate resources to appropriately litigate the case. *See* Fed. R. Civ. P. 23(g)(1).

**Conclusion**

For the foregoing reasons, the Court certifies the following class under Federal Rule of Civil Procedure 23(b)(3): all female detainees who were or will be in the future detained at the Town of Cicero Police Department lock-up facility for eight hours or more during the time period of May 18, 2016 to the present. The Court appoints attorneys Adele D. Nicholas, Mark G. Weinberg, and Richard Dvorak as class counsel. The status hearing set for August 13, 2019 is vacated and advanced to July 22, 2019 at

9:30 a.m. The parties are directed to confer regarding the form of an appropriate notice to the class and are to file a joint status report including a joint proposal or separate proposals by July 18, 2019.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 3, 2019